STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 04-825


STATE OF LOUISIANA

VERSUS

ADAM POIRRIER


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 03-443
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLIE COLOMBARO WOODARD
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billie Colombaro Woodard, Marc T. Amy, and Billy Howard
Ezell, Judges.

AFFIRMED AS AMENDED.

Hon. J. Phillip Haney
District Attorney
300 Iberia Street, Suite 200
New Iberia, Louisiana 70560
(337) 369-4420
Counsel for: State/Appellee
State of Louisiana

G. Paul Marx
Attorney at Law
Post Office Box 82389
Lafayette, Louisiana 70598-2389
(337) 237-2537
Counsel for: Defendant/Appellant
Adam Poirrier

Walter James Senette  Jr.
Assistant District Attorney
16th JDC
Post Office Box 1008
Franklin, Louisiana 70538
(337) 828-4100
Counsel for: State/Appellee
State of Louisiana

WOODARD, Judge.

The Defendant appeals his five-year sentence for public intimidation, alleging that it is excessive. We amend the sentence to delete the prohibition of parole eligibility and affirm the sentence, as amended.

* * * * *

Due to Mr. Poirrier's guilty plea, the following facts were obtained from the factual basis at his guilty plea hearing. On or about February 10, 2003, the Defendant, Adam Poirrier III, negotiated a drug deal with an undercover narcotics agent to purchase cocaine. He took the money from the undercover agent to make the purchase, but never actually made it. Rather, he stole the money. Prior to leaving with it, he told the undercover agent that if he found out that the undercover agent was a police officer, he would beat him up and shoot him with a 9 mm pistol and kill him.

On March 17, 2003, Mr. Poirrier was charged, by a bill of information, with attempted distribution of a schedule II controlled dangerous substance, cocaine, in violation of La.R.S. 40:967(A) and La.R.S. 14:27; with possession of a schedule I controlled dangerous substance, namely marijuana, in violation of La.R.S. 40:966(C); with theft of less than $300, in violation of La.R.S. 14:67; and with public intimidation, in violation of La.R.S. 14:122. He pled not guilty to the charges.

Subsequently, he changed his plea to guilty pursuant to a plea bargain with the State. In light of the plea, the State agreed to dismiss the charges of attempted distribution of cocaine and possession of marijuana. The trial court sentenced him to six months in the Iberia parish jail for theft and five years at hard labor without benefit of probation, parole, or suspension of sentence for public intimidation, both sentences to run concurrently.

Mr. Poirrier filed a Motion to Reconsider Sentence which the trial court denied. He appeals, alleging one assignment of error.

* * * * *

ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find one.

1

The trial court improperly denied Mr. Poirrier parole eligibility when it imposed the sentence for public intimidation. The penalty provision for public intimidation provides a possible fine of not more than $1,000.00 and/or imprisonment, with or without hard labor, of not more than five years. After the State noted ineligibility for a suspended sentence because of Mr. Poirrier's third felony offender status, the trial court sentenced him on public intimidation to five years at hard labor without benefit of parole, probation, or suspension of sentence. Regardless of his prior offender status, it is within the trial court's discretion to refuse to suspend a sentence, but the statute does not authorize it to impose the sentence without benefit of parole.

Although his status as a third felony offender may prohibit parole eligibility, the supreme court has held that under La.R.S. 15:529.1, it is the Department of Corrections, not the trial court, which has the authority to impose the prohibition:

> Because the terms of the statutes under which relator was sentenced do not include a prohibition on parole, see R.S. 14:62; R.S. 14:60; R.S. 15:529.1, relator's sentence is amended to delete the prohibition. Relator's parole eligibility is to be determined by the Department of Corrections pursuant to R.S. 15:574.4. The district court is directed to make an entry in the minutes reflecting this change.[1]

Thus, we amend Mr. Poirrier's sentence by deleting the prohibition on parole eligibility and note that, pursuant to La.R.S. 15:574.4, the determination of the relator's parole eligibility is to be made by the Department of Corrections. We direct the district court to make an entry in the minutes reflecting this change.

EXCESSIVE SENTENCE

As his sole assignment of error, Mr. Poirrier alleges that the trial court erred in imposing a constitutionally excessive sentence for the public intimidation conviction.

In brief, he, also, argues that the plea does not comply with the statutory definition of public intimidation. This argument does not involve the alleged excessiveness of his sentence; rather, it attacks the sufficiency of the evidence that he committed the crime of public intimidation. However, his guilty plea, automatically,

---

[1]*State ex rel. Calvin v. State*, 03-0870, p.1 (La. 4/2/04), 869 So.2d 866, 866 (citations omitted).

waived any objection to the sufficiency of the evidence.

Mr. Poirrier filed a motion to reconsider in accordance with La.Code Crim.P. art. 881.1. Under Article 881.1, a defendant must file a motion to reconsider the sentence, setting forth the specific grounds upon which the motion is based, in order to raise any sentencing claims on appeal.[2] However, in order to preserve a claim of constitutionally excessive sentence, the defendant need only claim that his sentence is excessive.[3]

In his motion to reconsider, Mr. Poirrier alleged, both, that his public intimidation sentence was excessive and that this sentence was disproportionate to the seriousness of the offense and his criminal and medical history.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.[4]

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar

---

[2]*State v. Mims*, 619 So.2d 1059 (La.1993).

[3]*Id.*

[4]*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, (citations omitted) *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."[5]

In the instant case, Poirrier pled guilty to public intimidation in violation of La.R.S. 14:122, which states in pertinent part:

> C. Whoever commits the crime of public intimidation or retaliation against an elected official shall be fined not more than one thousand dollars or imprisoned, with or without hard labor, for not more than five years, or both.

Thus, except for a fine, Mr. Poirrier received the maximum sentence of imprisonment.

He argues that the trial court erroneously stated that he was a third felony offender. His criminal history report reveals that he is, in fact, a second felony offender, in that he was convicted of distribution of marijuana, a felony, in 1993. His next felony offenses, for which he was arrested or convicted, are the present ones. The report, also, states that the charge of theft under $300 was a felony, when, in fact, it is a misdemeanor.

When sentencing the Defendant, the trial court stated:

> Mr. Poirrier, I have taken into consideration the plea agreement that we discussed. The only promise of course made, was that your sentence for public intimidation and theft under three hundred dollars, run concurrent with each other.
>
> . . . .
>
> Sir, I have taken into consideration the testimony of your mom and dad, and thank God for moms and dads who are always there to support us and want to see us do the right thing.
>
> They have prepared you for a better life than you have received.

---

[5]*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/13/03), 846 So.2d 786, 789, (citations omitted) *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

You are obviously trained, and you needed support, financial support and emotional support, while you were getting training for all of these things, the skills that you now possess.

I take into consideration your age. But in addition to that, I take into consideration your criminal history which the court received, which shows you as a third felony offender and it is extensive.

Since 1993, sir, you have been involved in distribution of marijuana, a felony; five years probation.

Then in '94, remaining after forbidden and probation violation.

Again in '96 you had a probation violation.

In 1998, failure to appear, disturbing the peace by intoxication.

In 2002, a bench warrant for your arrest.

In 2003, attempted distribution of Schedule II, which was dismissed, if I am correct, in connection with your sentencing here.

Also, 2003, possession of Schedule I.

This current theft under three hundred dollars.

Public intimidation, whereby, if I remember correctly, you threatened somebody, if you found out they were Police Officers, that you sold dope to, that you would kill them. Correct?

. . . .

And the benefit that you received from those charges being dismissed, in connection with your plea agreement, I have taken that into consideration.

Sir, for the crime of theft less than three hundred dollars, your sentence is six months in the Parish Jail, to run concurrent with five years, hard labor for public intimidation, without the benefit of parole, probation or suspension of sentence.

The court feels that, first of all, I can't suspend any portion of your sentence, but any less sentence would deprecate the seriousness of this offense and your criminal behavior, your pattern.

Mr. Poirrier, you are a young man and you will be a young man when you get out. I hope that you take this opportunity to re-evaluate where you are, so that when you come out, you are ready to come out and be received as a productive citizen of this community. If not, Mr. Poirrier, you will be in a similar situation on down the line.

5

In *State v. Williams*,[6] this court stated:

> The trial court must state for the record the considerations taken into account and the factual basis for the sentence. Although the trial court need not refer to every factor listed in Article 894.1(A), the record should affirmatively reflect that adequate consideration was given to codal guidelines in particularizing the defendant's sentence.

Louisiana Code of Criminal Procedure Article 894.1, however, does not require that the trial court assign any particular weight to any specific matters at sentencing.[7] When the offense to which the defendant pled guilty does not adequately describe his conduct, the trial court may take into consideration the benefit the defendant obtained through the plea bargain.[8] "The trial court should particularly make such considerations where the plea bargain results in a significant reduction in the defendant's potential exposure to imprisonment."[9]

In this case, the State agreed to dismiss two additional charges including attempted distribution of a Schedule II controlled dangerous substance, cocaine, and possession of marijuana. Possession of marijuana carried a penalty of up to six months in the parish jail.[10] Attempted distribution of cocaine carried a penalty of up to fifteen years in prison.[11] Therefore, Mr. Poirrier received the benefit of fifteen and one half years less sentencing exposure.

We find that the trial court sufficiently considered Mr. Poirrier's personal and criminal history. The trial court adequately stated its reasons for sentencing him and,

---

[6]02-0707, p. 8 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1100 (citations omitted).

[7]*State v. Jones*, 33,111 (La.App. 2 Cir. 3/1/00), 754 So.2d 392, *writ denied*, 00-1467 (La. 2/2/01), 783 So.2d 385.

[8]*Williams*, 839 So.2d at 1101 (citing *State v. Lanclos*, 419 So.2d 475 (La.1982)).

[9]*Id.* (citing *State v. Robinson*, 33,921 (La.App. 2 Cir. 11/1/00), 770 So.2d 868); *State v. Waguespack*, 589 So.2d 1079 (La.App. 1 Cir.1991), *writ denied*, 596 So.2d 209 (La.1992)).

[10]La.R.S. 40:966(E)(1).

[11]La.R.S. 40:967(B)(4)(b); La.R.S. 14:27.

based upon the benefit he received by pleading guilty, we cannot say that the trial court abused its wide discretion in sentencing him. We find that the sentence is not excessive.

## CONCLUSION

We amend the Defendant's sentence to delete the prohibition of parole eligibility and instruct the trial court to make a minute entry, reflecting that amendment. We affirm the sentence, as amended.

**AFFIRMED AS AMENDED.**