# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 07-1289

STATE OF LOUISIANA

VERSUS

RODERICK TERRELL LEVY

**************
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 8361-03
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

*************
**SYLVIA R. COOKS**
**JUDGE**
**************

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Michael G. Sullivan, Judges.

SENTENCE VACATED;
REMANDED FOR RE-SENTENCING.

John R. DeRosier
District Attorney
Cynthia S. Killingsworth
Chief Felony Prosecutor
Carla S. Sigler
Assistant District Attorney
1020 Ryan Street
Lake Charles, LA 70601
(337) 437-3400
COUNSEL FOR APPELLEE:
    State of Louisiana

Mark O. Foster
Appeal Counsel
Louisiana Appellate Project
P.O. Box 2057
Natchitoches, LA 71457-2057
(318) 572-5693
COUNSEL FOR APPELLANT:
    Roderick T. Levy

**COOKS, Judge.**

## STATEMENT OF THE FACTS

The Defendant, Roderick T. Levy, was living with the victim, Herman LeBlanc. On or about March 17, 2003, the two became involved in an argument. A fist fight took place and the Defendant struck the victim several times, then left the house, leaving the victim on the floor battered. The victim was subsequently taken to the hospital where he died as a result of the beating.

Levy was charged by bill of indictment with second degree murder. The Defendant, through counsel, pled guilty to an amended charge of manslaughter, a violation of La.R.S. 14:31. The trial court ordered a pre-sentence report from the Office of Probation and Parole. The Defendant was sentenced to serve twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence.

Levy appeals, asserting the trial court erred in basing the sentence on a statutory provision not appropriate to the facts of the case and the trial court erred by ordering the sentence be served without benefit of probation, parole, or suspension of sentence. We agree. For the reasons assigned below, we vacate the sentence of the Defendant and remand for re-sentencing.

## LAW AND DISCUSSION

The Defendant pled guilty to manslaughter. The sentencing provision for the crime of manslaughter is found in La.R.S. 14:31(B) which provides, in relevant part:

> Whoever commits manslaughter shall be imprisoned at hard labor for not more than forty years. However, if the victim was killed as a result of receiving a battery and was under the age of ten years, the offender shall be imprisoned at hard labor, without benefit of probation or suspension of sentence, for not less than ten nor more than forty years.

At the original sentencing hearing, the trial court stated the following:

> The law provides for the charge of Manslaughter you shall be sentenced to not less than 10 years nor more than 40 years without benefit of probation or suspension of sentence.

1

This is an incorrect statement of the applicable sentencing provision under the facts of the case. The ten-year minimum is applicable only when the victim was killed as a result of the battery *and* is under the age of ten years. Additionally, the statute does not mandate that the sentence be served without benefit of probation, parole, or suspension of sentence unless the victim was under the age of ten years. The State in brief concedes the sentence imposed by the trial court was not in conformity with the requirements of the statute and the case should be remanded for re-sentencing. Accordingly, we vacate the Defendant's sentence and remand for re-sentencing. We elect not to address the remaining assignments of error by the Defendant in light of our holding vacating the sentence and remanding the case.

**DECREE**

Based on the foregoing review of the record, we vacate the sentence of the Defendant, Roderick T. Levy, and remand for re-sentencing.

**SENTENCE VACATED;
REMANDED FOR RE-SENTENCING.**