## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


### 08-1467


**STATE OF LOUISIANA**

**VERSUS**

**RODERICK TERRELL LEVY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 8361-03
HONORABLE ROBERT L. WYATT, PRESIDING
\*\*\*\*\*\*\*\*\*\*


## SYLVIA R. COOKS
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Michael G. Sullivan, Judges.


**AFFIRMED, AS AMENDED.**

**John R. DeRosier, District Attorney**
**Cynthia S. Killingsworth, Chief Felony Prosecutor**
**Carla S. Sigler, Assistant District Attorney**
**1020 Ryan Street**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**Mark O. Foster**
**Louisiana Appellate Project**
**P.O. Box 2057**
**Natchitoches, LA 71457-2057**
**(318) 572-5693**
**COUNSEL FOR DEFENDANT-APPELLANT:**
      **Roderick Terrell Levy**

**COOKS, Judge.**

_____FACTS AND PROCEDURAL HISTORY

The Defendant, Roderick T. Levy, was living with the victim, Herman LeBlanc. On or about March 17, 2003, the two became involved in an argument. A fist fight took place and the Defendant struck the victim several times, then left the house, leaving the victim on the floor battered. The victim was subsequently taken to the hospital where he died as a result of the beating.

On April 10, 2003, the Calcasieu Parish District Attorney's Office filed a bill of information charging Defendant, Roderick Levy, with second degree murder. On January 29, 2007, the State amended the charge to manslaughter, a violation of La.R.S. 14:31. On that same date, Defendant entered a plea of guilty to the amended charge. The court ordered a pre-sentence investigation (PSI).

The court held a sentencing hearing on April 4, 2007. After hearing victim impact statements from members of the victim's family, and statements from counsel, the court sentenced Defendant to twenty-five years at hard labor, without benefit of probation, parole, or suspension of sentence. On April 13, 2007, Defendant filed a Motion to Reconsider Sentence and Correct Illegal Sentence. The court held a hearing on the motion on May 25, 2007. After hearing statements from Defendant's family, the court deferred ruling and reset the matter for July 6. On that date, the court heard arguments from counsel for both parties, then denied the motion in open court.

Defendant then sought review of his sentence in this court, assigning three errors. This court remanded for resentencing. *State v. Levy*, 07-1289 (La.App. 3 Cir. 4/30/08), 981 So.2d 293. On July 30, 2008, the district court held a hearing on the matter, and again sentenced Defendant to twenty-five years at hard labor, without benefit of probation, parole, or suspension of sentence. Defendant again appeals,

assigning two errors.

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, Defendant argues the trial court erred by ordering the sentence to be served without benefit of parole, probation or suspension of sentence. This same argument was asserted in Defendant's previous appeal. We noted that the sentencing provision for manslaughter, La.R.S. 14:31(B), did not provide the trial court with authority to order that the sentence be served without benefits. This court vacated the sentence and remanded the case for resentencing. At the resentencing hearing, the judge explained:

THE COURT:

This Court remembers well the facts that were presented and I do remember the situation, the circumstances, the facts that were given to this Court at the time that the plea was taken at the time of the sentencing.

Mr. Rubin, I understand your arguments also and you're very correct in that I think this is a situation where I could possibly take into consideration what you have requested, but I am not.

I'm going to deny that at this time. Accordingly, I'm going to resentence Mr. Levy at this time to 25 years Department of Corrections, without benefit of probation, parole, or suspension of sentence.

I recognize that the prior sentencing by this Court was in error. However, I still stand by my decision to sentence the young man as I have sentenced him.

And I duly recognize that that is not mandated, but that is my sentence.

We note that La.R.S. 14:31(B) does not authorize the exclusion of benefits, unless the victim is less than ten years old. In the present case, the victim was an adult, and thus La.R.S. 14:31(B) does not apply. However, La.Code Crim.P. art. 893 prohibits suspension of sentence and probation for crimes of violence. Thus, the trial court's exclusion of probation or suspension of sentence is correct. We did not

discuss La.Code Crim.P. art. 893 in our earlier opinion because the State effectively conceded that a sentencing error had occurred.

However, La.R.S. 14:31 and La.Code Crim.P. art. 893 do not provide authority for a district court to deny Defendant the benefit of parole. When such errors occur, we typically delete the portion of the sentencing language that erroneously denies parole. We also order amendment of the minutes to reflect the change. *State v. Dupree*, 07-98 (La.App. 3 Cir. 5/30/07), 957 So.2d 966; *State v. Roberts*, 06-765, (La.App. 3 Cir. 1/17/07), 947 So.2d 208, *writ denied*, 07-362 (La. 10/5/07), 964 So.2d 938; *State v. Poirrier*, 04-825 (La.App. 3 Cir. 12/1/04), 888 So.2d 1123.

Therefore, we amend the sentence to delete the language denying him eligibility for parole, and direct the district court to record the amendment in the minutes.

## ASSIGNMENT OF ERROR NO. 2

In this assignment, Defendant argues the trial court failed to articulate the aggravating and mitigating factors used in formulating his sentence. After a review of the record, we find the trial court properly considered the relevant aggravating and mitigating factors in this case, as evidenced by the following:

THE COURT:

> Mr. Rubin, you're well aware there are some mitigating circumstances that this Court must take into consideration.

MR. RUBIN:

> That's correct.

THE COURT:

> One of those being the lack of a prior record.
>
> Let me assure you that regardless of what this Court sentences your client to, that it's going to take those into consideration. I have no intent of doing something illegal.

Defense counsel noted Defendant's mental health issues, as he had been found incompetent to proceed at one point in pre-trial proceedings. The court made the following comments, and asked Defendant a question:

THE COURT:

Now, if this would have been a single incident where there would be some perception that the victim prompted something that this young man may not have been in tune with, that's one situation. We all know better than that.

Even if he's correct in his perception of the situation between him and the victim, this had been going on for quite some time.

MR. RUBIN:

Oh, yes, sir.

THE COURT:

Are you finished saying what you want to say?

THE DEFENDANT:

No, sir.

THE COURT:

Go ahead.

MR. RUBIN:

Judge, I'll instruct him that's all right now.

THE COURT:

Let me have my say this time. What concerns me is that today he finds it in his heart to have some remorse for what he's done, and we all know why that's taking place at this time because now you're facing these people and now you're facing the music for what has happened.

It distresses me a lot your actions at the time. Of course, in some vein I think I understand that, Roderick, because you've got to be tough, you've got to be the man, things don't bother you, things don't hurt you.

Where you're going -- and you're going there for a while -- you better be the man. Because you know what's going to happen if you're

not the man. So you go ahead and you be tough and you be strong, but I'll take care of the rest of it myself. Okay?

Anything else, Mr. Rubin?

MR. RUBIN:

I just want to, out of fairness to Levy, everybody is saying that he didn't express any remorse before. And I reiterate from the record, he was going through a psychotic period up until recently to tell you the truth.

When he was treated and was able to come to his senses, or whatever you want to call it, that's whenever he was able to contemplate what happened.

Before that period of time, Judge, I can assure you Mr. Levy was not in touch with reality. And we've went through two or three sanity commissions that would prove -- that is part of the record.

And now he's taking his medication and somewhat is functioning, Your Honor, it's not even 100 percent I feel, but it's enough for him to get by.

But in all fairness, I think up until recently he really just didn't have the mental capacity to contemplate what happened.

THE COURT:

You did read the portion of the presentence investigation done by Mr. Ashford regarding -- I'll read the statement.

Quote, "Although, he expressed remorse for the death of Leblanc, Levy did so in a very matter of fact fashion that was in the writer's opinion practically devoid of emotion."

Now, I understand Mr. Ashford is not a psychologist and this is not a professional statement, but he's been around a long time and seen a lot of these types of people.

Should I not even take that into consideration?

MR. RUBIN:

Judge, I understand it's a strong statement, but from what we've -- the hearings we've had on his mental capacity, and what I can represent to the Court -- and we know each other. I wouldn't misrepresent anything.

This is my sincere impression from Mr. Levy. And I just don't

want him to be penalized because he had a mental illness and was suffering.

We know schizophrenics, we know schizophrenics are paranoid and think people are after them. And Dr. Anderson said he was psychotic. I mean, that's the professional -- I'm not a psychiatrist, but I'm going on what the psychiatrist said and what I observed.

THE COURT:

I understand, Mr. Rubin. I do respect your opinion. And yes, you've done a lot of these type of matters. I sincerely believe that you would not mislead this Court intentionally.

This Court has to deal with what it has to deal with. And Mr. Levy I'm going to ask you the question that I didn't allow Ms. Gary to ask you because I didn't want there to be any exchanges that would get you into any more trouble here.

I'm going to ask the question; why didn't you call for help? Why didn't you call for some medical help for him, after he was down on the ground?

MR. LEVY:

I can't answer that question, Your Honor.

The trial court heard from members of Defendant's family at the first hearing on the motion to reconsider sentence, then deferred ruling on the motion. In doing so, the court stated, "Unfortunately, because I can't have all the information that I need, I'm not going to make a decision here today, but I did want to give you the opportunity to say what you needed [to] today." Earlier in the hearing, the court expressed a desire to review the record before ruling on the motion. When the court reconvened to rule on the motion, the trial judge indicated he had reviewed the materials previously submitted. The record is clear that the court considered Defendant's mental health and his status as a first offender; it also considered the seriousness of the offense and Defendant's lack of remorse. Therefore, the trial court adequately complied with La.Code Crim.P. art. 894.1.

**DECREE**

For the foregoing reasons, we amend Defendant's sentence to delete the language denying him eligibility for parole, and direct the district court to record the amendment in the minutes. In all other respects, the sentence is affirmed.

**AFFIRMED, AS AMENDED.**