NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**23-258 consolidated with 23-108**

**STATE OF LOUISIANA**

**VERSUS**

**ASHTON BIGGS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 7711-2020
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**GARY J. ORTEGO**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Gary J. Ortego, Ledricka J. Thierry, and Guy E. Bradberry, Judges.

**CONVICTION AFFIRMED, SENTENCE**
**AMENDED, WITH INSTRUCTIONS.**

**Hon. Stephen C. Dwight**
**14th JDC District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR PLAINTIFF/APPLLEE:**
    **State of Louisiana**

**David S. Pipes**
**14th JDC Assistant District Attorney**
**901 Lakeshore Drive**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Louisiana Appellate Project:**
**Edward K. Bauman**
**P. O. Box 1641**
**Lake Charles, LA 70602**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**

**Ashton Biggs**
**Riverbend Detention Center**
**9450 Hwy. 65 South**
**Lake Providence, La 71254**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Ashton Biggs**

**ORTEGO, Judge.**

This is a criminal matter wherein Defendant, Ashton Dean Biggs, has filed two pleadings with this court. One is a writ application, number 23-108. The other is an appeal, number 23-258. These matters were consolidated.

*I.  Procedural History*

On June 10, 2020, Defendant was charged with third degree rape, in violation of La.R.S. 14:43. The victim was identified as M.G.,[1] whose date of birth was May 17, 2002, and the charge arose from an incident that occurred either the night of February 14, 2019 or the morning of February 15, 2019.

On June 2, 2022, Defendant entered a guilty plea, without a recommended sentence, to an amended charge of felony carnal knowledge of a juvenile, in violation of La.R.S. 14:80. At that time, Defendant received a sentence of ten years at hard labor without benefit of probation, parole, or suspension of sentence. Under La.R.S. 14:80, the maximum penalty is ten years with or without hard labor. On June 13, 2022, Defendant filed a pro se "Motion to Reconsider Sentence," in which he claimed he pled guilty because his trial counsel promised him that he would receive either a sentence of time served or probation. That motion was denied on July 5, 2022. Defendant sought review of that denial, and this court converted the writ application into the current appeal. *See State v. Biggs*, 22-673 (La.App. 3 Cir. 12/20/22) (unpublished opinion).

Defendant now appeals his conviction and sentence, contending through counsel that his sentence is both excessive and illegal. Pro se, Defendant additionally contends the trial court lacked subject matter jurisdiction and that he is

---

[1]We refer to the victim by her initials in accordance with La.R.S. 46:1844(W).

factually innocent of the charged offense. The State concedes Defendant's sentence is illegal in that La.R.S. 14:80 does not authorize the trial court to deny probation, parole, or suspension of sentence in Defendant's case. Regarding Defendant's remaining assignments of error, we find they lack merit.

## II.    Facts

The State gave the following factual basis at the time of Defendant's guilty plea:

> Your Honor, if brought to trial, State would prove that on or between February 14, 2019 and February 15, 2019, Your Honor, it was found through the investigation that the defendant had picked up the victim with the initials MG, date of birth, May 17th, 2002 [,] from the end of her road after she had snuck out of her house.
>
> Once they were together, they went to a party in Sulphur. At this party, the victim, a juvenile, age 16, was supplied alcohol and was also given a vape pen, a dab pen that had a high concentration of THC inside. Once the victim took the vape pen, that is when everything became fuzzy. The next thing that the victim does remember is being at the defendant's house, at which time she was on her stomach with her face in a pillow and the defendant having sexual intercourse with her from behind.
>
> The victim states that she was in and out of consciousness through the night, at which time the defendant was moving her body in different positions and having sexual intercourse.
>
> Your Honor, this happened in Calcasieu Parish. The toxicology report of the victim's urine and blood showed high concentration of THC that was taken 12 hours after the victim consumed that amount.

## III.    Errors Patent

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that there is one error patent involving the trial court's denial of parole eligibility. Since the error has been raised by Defendant in one of his assignments of error, we will address the error as an assigned error.

2

*IV.    Assignment of Error Number One*

Defendant raises two issues with this sentence:  One is that it was illegal, and the other is that it was excessive.

*Illegal Sentence*

As previously noted, the State acknowledges the trial court lacked the authority to deny Defendant parole eligibility.  The applicable penalty provision La.R.S. 14:80(D)(1), states:

> Whoever commits the crime of felony carnal knowledge of a juvenile shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893.

*State v. Batiste*, 09-521 (La.App. 3 Cir. 12/9/09), 25 So.3d 981 and *State v. Dupree*, 07-98 (La.App. 3 Cir. 5/30/07), 957 So.2d 966.  Since this provision does not authorize the denial of parole, we amend Defendant's sentence to delete the denial of parole eligibility, instruct the district court to make an entry in the minutes reflecting this change, and instruct the district court to amend the Uniform Sentencing Commitment Order reflecting this change as to Defendant's sentence.

*Excessive Sentence*

In Defendant's only counseled assignment of error and his first pro se assignment of error, Defendant contends his sentence is excessive, the trial court failed to properly consider the factors listed in La.Code Crim.P. art. 894.1, and his sentence is illegal.  With respect to Defendant's claim that his sentence is constitutionally excessive, Louisiana courts have laid out the following guidelines regarding excessive sentence review:

3

Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

4

*State v. Soileau*, 13-770, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Furthermore, in *State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, *and writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626, this court adopted the fifth circuit's three factor test from *State v. Lisotta*, 98-648, p. 4 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, 58, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, which established that an appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes.

Regarding the nature of the crime, Defendant stands convicted of La.R.S. 14:80, felony carnal knowledge of a juvenile. While not a crime of violence under La.R.S. 14:2(B), Defendant was originally charged with third degree rape, which is a crime of violence under La.R.S. 14:2(B)(11). Additionally, the factual basis given at Defendant's guilty plea indicate Defendant, who knew his victim was intoxicated, had sex with her while she was in and out of consciousness. As such, the factual basis established that Defendant's actions and behavior in this incident was consistent with the offense of third-degree rape, a violation of La.R.S. 14:43(A). Finally, the offense of felony carnal knowledge requires Defendant to register as a sex offender for fifteen years after his release.

Regarding the nature and background of the offender, there is little information provided in the record as trial counsel did not put forth any mitigating circumstances other than the fact Defendant had pled guilty rather than no contest and that he was accepting responsibility for what happened to spare the victim from a trial. Defendant contends he is a first offender who has a valid work history and

educational history. However, we cannot confirm these contentions, as the court did not order a presentence investigation (PSI) in this matter.

Finally, we look to other sentences imposed for the same offense. Defendant cites *State v. Lapoole*, 51,199 (La.App. 2 Cir. 2/15/17), 215 So.3d 430, *writ denied*, 17-618 (La. 11/28/17), 230 So.3d 220; *State v. Logwood*, 37,178 (La.App. 2 Cir. 5/14/03), 847 So.2d 115; and *State v. Quezada*, 13-1318 (La.App. 4 Cir. 5/21/14), 141 So.3d 906, *writ denied*, 14-1328 (La. 1/23/15), 159 So.3d 1057, for the contention that he does not deserve the maximum sentence because he is not as bad as the defendants in the above-cited cases. We note that the defendant in *Lapoole* was the victim's foster parent, the defendant in *Logwood* was the victim's uncle who had taken her in at the age of eight after prior abuse, and the defendant in *Quezada* was a family friend who took in the fifteen-year-old victim after she claimed she was raped by her father. The supreme court has previously stated that a "maximum penalty 'is ordinarily reserved only for the worst kind of offense and the worst kind of offender….'" *State v. Lathers*, 444 So.2d 96, 100 (La.1983).

Despite Defendant's contention that he is not the worst of offenders, this court has previously found that when an individual pleads guilty to a lesser offense that does not adequately describe his behavior the trial court may consider the benefit Defendant received by pleading to a lesser offense. *See State v. Vallery*, 04-1589 (La.App. 3 Cir. 4/6/05), 899 So.2d 836. In *Vallery*, the defendant was charged with aggravated rape and subsequently pled guilty to forcible rape, lowering his sentencing exposure from a mandatory life sentence to a maximum of forty years. The trial court sentenced the defendant to thirty-five years at hard labor, and this court affirmed the sentence despite the defendant being a first offender.

Likewise, here, Defendant was charged with third degree rape and pled guilty to carnal knowledge of a juvenile, thereby lowering his sentencing exposure from a maximum of twenty-five years at hard labor to a maximum of ten years with or without hard labor. In light of *Vallery* and the benefit obtained by Defendant in pleading to carnal knowledge of a juvenile rather than third degree rape, we cannot say the trial court abused its discretion in sentencing Defendant to a maximum sentence of ten years at hard labor.

To the extent Defendant contends the trial court failed to consider La.Code Crim.P. art. 894.1 in crafting his sentence, Defendant waived that claim when he failed to address La.Code Crim.P. art. 894.1 in his motion to reconsider sentence. As specifically stated in La.Code Crim.P. art. 881.1(E):

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Although Defendant filed a lengthy "Motion to Reconsider Sentence," Defendant never cites La.Code Crim.P. art. 894.1 or argues that the trial court failed to address all appropriate factors. The closest Defendant comes to allege this is pointing out that he "has no prior convictions what so ever [sic], is not a repeat offender, not a violent offender, nor under the *Habitual Offender Law*." We find that Defendant's complaint regarding the trial court's failure to articulate which factors it considered under La.Code Crim.P. art. 894.1 was therefore waived.

Finally, Defendant contends pro se that his trial counsel promised him he would receive either credit for time served or else probation and therefore he would be going home the day he pled guilty. To the extent Defendant is contending trial

counsel was ineffective or outright lied to him, that claim is relegated to post-conviction relief, where a fuller record may be established.

V.     *Pro Se Assignment of Error Number Two and Case Docket Number 23-108*

Defendant's second pro se assignment of error is that the trial court lacked subject matter jurisdiction because La.R.S. 14:80 requires the victim and defendant to have an age difference of four or more years and Defendant is not four years older than M.G.  This assignment of error does not actually address an issue of subject matter jurisdiction, as Defendant does not make an argument that Defendant's actions did not take place in Calcasieu Parish.  Indeed, Defendant explicitly states "[t]he question of jurisdiction is not about location of the offenses, it's to the merits of the charge."

Additionally, this is the same issue raised in docket number 23-108,[2] the writ application consolidated with Defendant's appeal.  Therein, Defendant again argues that because the age difference between himself and the victim is less than four years, the trial court lacks subject matter jurisdiction.  As noted by the State, Defendant's argument is not actually a jurisdictional challenge, but is a claim that he is innocent of the offense.  La.Code Crim.P. arts. 16 and 611(A) provide that a district court has subject matter jurisdiction over all criminal cases arising within the boundaries of the district:  In this case, Calcasieu Parish.  Because there is no dispute that the crime occurred in Calcasieu Parish, the 14th Judicial District Court has jurisdiction over the crime.  Thus, Defendant's contention is his appeal and writ application that the trial court lacked jurisdiction is without merit.

---

[2] See *State v. Biggs*, 23-108 (La.App. 3 Cir. __/__/__), ___ So.3d ____.

8

*VI.    Pro Se Assignment of Error Number Three*

In his third and final pro se assignment of error, Defendant contends he is factually innocent because the medical exam conducted on M.G. did not find evidence of sexual intercourse. This assignment of error is merely an extension of Defendant's second claim, namely that he is not guilty of felony carnal knowledge of a juvenile.

In this assigned error, Defendant is contesting the evidence against him and the State's ability to prove the elements of the offense of felony carnal knowledge. This court has previously held that a defendant's "guilty plea, automatically, waived any objection to the sufficiency of the evidence." *State v. Poirrier*, 04-825 (La.App. 3 Cir. 12/1/04), 888 So.2d 1123, 1125. Defendant pled guilty to felony carnal knowledge of a juvenile in exchange for not going to trial on a third-degree rape charge. Defendant cannot now contend that he is innocent, and the State could not prove him guilty of the felony carnal knowledge charge. Although Defendant may argue actual innocence as a ground for post-conviction relief, his plea of guilt specifically prevents him from challenging the sufficiency of his conviction.

## DECREE

Defendant's conviction is affirmed. Defendant's sentence is affirmed, as amended, to remove the trial court's denial of parole eligibility. Further, we instruct the district court to make an entry in the minutes reflecting this change and instruct the district court to notify Defendant by sending written notice to him within thirty days of rendition of this opinion.

**CONVICTION AFFIRMED, SENTENCE AMENDED, WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.