hTHIBODEAUX, Judge.
The defendant, Vickie Coco, pled guilty to manslaughter. This charge was reduced from first degree murder pursuant to a plea bargain wherein she testified against two of her co-defendants and was prepared to testify against a third co-defendant. She was sentenced to serve forty years at hard labor. She appeals her sentence on the basis of excessiveness.
We affirm.

kFACTS

The record clearly indicates Ms. Coco’s involvement in the January 10, 1996 murder of 82-year-old Clarence Robin of Hessmer. She had maintained a prior relationship with Mr. Robin for some time prior to the murder and had received money from him on several prior occasions. She had obtained approximately $900.00 from the victim on the same day of the murder.
Ms. Coco was high on crack and gin at the time of the crime and discussions preliminary to the murder, but apparently was able to discern the nature of the actions and she had a clear recollection of the events that transpired.
Ms. Coco, along with co-defendants, Clinton Brackens and Norman Dozier, left Marksville in a small pickup truck to “knock out the victim” and steal money for drugs, but were afraid to complete the act. It was decided that Winfred Davenport, Jr., who was not initially part of the group, would be willing to carry out the actual act. The group intended to utilize Ms. Coco’s relationship with Mr. Robin to gain entrance into his house. She testified that although she heard the discussions about “knocking out the man,” she felt that there would be no need for violence. Over the course of the day, there were at least six separate discussions concerning “knocking out” Mr. Robin.
After picking up Davenport, they returned to Hessmer and went to Mr. Robin’s house. At some point prior to entering the house, Ms. Coco observed Davenport remove a large four-way lug wrench from the back of the truck. After entering the victim’s residence, she went with him to the back of the house where she began to disrobe allegedly to dance or perform some sexual service in exchange for money. At that point, co-defendants Dozier and Davenport entered the bedroom and went into the bathroom with the victim where she heard him exclaim “Oh, no!” It bwas later determined that Davenport struck the victim with the iron tire tool in the head, causing his death.
Excessiveness
Ms. Coco contends that the imposition of a sentence of forty (40) years is constitutionally excessive. On appeal, she presents for review whether she is entitled to review the sentence imposed. Ms. Coco was originally charged with first degree murder and the plea of guilty to manslaughter was the result of a plea agreement wherein she would cooperate with law enforcement in obtaining convictions of the three named co-defendants. The plea agreement was not for a specific sentence nor did it refer to a sentencing cap. She is, therefore, clearly entitled to a review of the imposed sentence. See State v. Young, 96-0195 (La.10/15/96); 680 So.2d 1171; State v. Jordan, 98-101 (La.App. 3 Cir. 6/3/98), 716 So.2d 36; State v. Goodman, 96-376 (La.App. 3 Cir. 11/6/96); 684 So.2d 58.
A defendant’s sentence may still be reviewed for excessiveness although it falls within the statutory range. State v. Sepulvado, 367 So.2d 762 (La.1979). However, it is equally decided that sentences imposed within the statutory limits should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Bonanno, 384 So.2d 355 (La.1980). Thus, this court must decide if the penalty imposed is so disproportionate to the crime committed, in light of the harm posed to society, that it shocks a socie *515 tal sense of justice. Id.; State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989).
In reviewing a sentence, we must be mindful that “[t]he only relevant question on review, however, [is] “whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.’” State v. Cook, 95-2784 (La.5/31/96); 674 So.2d 957, 959.
^Louisiana Revised Statutes 14:31(B) provides that whoever commits manslaughter shall be imprisoned at hard labor for not more than forty years. The trial court imposed the maximum of forty years for Ms. Coco’s involvement in the murder of Clarence Robin.
In order to insure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in La.Code Crim.P. art. 894.1 in determining the defendant’s particular sentence. State v. Davis, 449 So.2d 452 (La.1984). It is well established that the trial court need not articulate every factor of Article 894.1. However, the record must establish that the terms set forth therein have been adequately considered. The record must reveal some indication that the trial court considered the guidelines set forth in Article 894.1. In the present case, the trial court set forth many detailed factors for consideration, as follows in part:
BY THE COURT:
[[Image here]]
[[Image here]]
Much has also been said about her drug addiction, and how this somehow should act as a mitigating factor in the issuance of this sentence. We must all remember, however, these very important facts: But for Vickie Coco, Clarence Robins would not have been killed that night.
From Vickie Coco’s own testimony, on several occasions, the other defendants mentioned, on at least six occasions, that night, that they were going to harm Mr. Robin.
[[Image here]]
Counsel for defense has also gone to great length to point out various provisions of Article 894.1 of the Louisiana Code of Criminal Procedure, Sentencing Guidelines, which are applicable in this case. They make strong argument, however, their' argument must fall for several reasons:
fcFirst of all, this court is firmly convinced that there is an undue risk that if a suspended sentence, or probation was issued, Vickie Coco would commit another crime. Her past life has been full of crime.
This court is also firmly convinced that she is in need of correctional treatment that can be provided most effectively by her commitment to an institution.
Again, this is based on her past criminal activity.
Further, any lesser sentence that would be issued herein, would certainly deprecate the seriousness of the crime.
And, from the facts hereinafter discussed, there is clearly a factual basis for the sentence, which will be imposed.
[[Image here]]
Counsel claims that Vickie Coco’s individual conduct did not manifest deliberate cruelty to the victim. I strongly disagree. Her conduct through her association with Clarence Robin, consisted, in this court’s opinion, of deliberate cruelty to Mr. Robin.
Further, knowing that harm was going to be issued to Mr. Robin, on the night of January 10, 1996, and going to his home, anyway, that is certainly deliberate cruelty in this court’s opinion.
Counsel for defense concedes that Ms. Coco knew that Clarence Robin was vulnerable or incapable of resistance due to his advanced age.
Counsel claims that there is no evidence to indicate that Ms. Coco was to receive anything of value for the commission of the killing. Again, I disagree.
*516 She was going to receive money, and use that money to purchase drugs.
Counsel indicates that there is no evidence to indicate that she used her position or status to facilitate the commission of the offense. Again, I strongly disagree.
Vickie Coco used her past relationship with Clarence Robin to facilitate the commission of the offense, which she knew, and was told, was going to occur.
Counsel alleges that there was no evidence to indicate that subsequent to the offense, Vickie used or caused or caused others kto use violence, force or threats, with the intent to influence the criminal proceedings.
According to correspondence, which I have received, she allegedly tried her best, during the jury selection process, in the Davenport trial, to use threats, or failure to testify, to obtain a lenient sentence.
It must be noted that one of the factors to consider is the fact that this offense resulted in the death of Clarence Robin. Although Vickie Coco did not use a dangerous weapon, she clearly saw Winfred Davenport take a four-way lug wrench from the rear of the truck, after she had been told, on at least six occasions, that harm was going to be committed on Clarence Robin.
Counsel concedes that Vickie Coco may be considered the leader of a plan to engage in prostitution and theft for [sic] Mr. Robin. They contend that she was not the leader in the murder. Please remember, however, that but for Vickie Coco, this murder would not have occurred.
Counsel contends that the offense was not a major economic offense, even though thefts were involved. I disagree again.
Counsel concedes that this offense was motivated by drugs; and that defendant’s conduct did cause serious harm.
There are several other factors provided in Article 894, which clearly are applicable to Vickie Coco. Quite issuance of a suspended sentence would slap the face of justice.
[[Image here]]
The court failed to note any factors that would tend to mitigate Ms. Coco’s action. She did assist in the convictions of her named co-defendants. The District Attorney stated that Ms. Coco testified at the trial of Clinton Brackens. The District Attorney also testified that it was his belief that a conviction would have been obtained without the testimony of Ms. Coco. He noted that she did cooperate and testify on behalf of the State in the first degree murder conviction. She also testified at the trial of Norman Dozier. Her testimony was vital and necessary for the second degree murder conviction. She was prepared to testify in the trial of Winfred Davenport, Jr. and the ^District Attorney testified that her willingness to testify played a significant role in his guilty plea to second degree murder. The court’s final consideration seems to be prefaced on the fact that but for Ms. Coco’s significant role in the murder of Clarence Robin, he would, in fact, still be alive today.
A sentence imposed within the statutory guidelines may still be constitutionally excessive if it is grossly out of proportion to the offense and imposed for no other reason than to inflict needless pain and suffering. The sentence of forty years imposed by the trial court was within the statutory limits. Ms. Coco benefitted greatly by the plea agreement; she was subjected to capital punishment or life imprisonment before the reduction in charge. The sentence imposed does not shock a societal sense of justice. She played a critical role in the bludgeoning death of an 82-year-old man. The record indicates that she and her co-defendants went to Mr. Robin’s house to steal money for drugs. Her involvement led to Mr. Robin being struck in the head with an iron tire tool. She and her co-defendants then left Mr. Robin alone to die in his bathroom. As the record indicates, these factors were also considered by the trial court.
THE COURT:
The sentence ... will not shock this court’s sense of justice. In fact, any lesser sentence would definitely shock this court’s sense of justice.
*517 Further, the sentence, which will shortly be imposed, is not being issued for the needless imposition of pain and suffering, it is being issued after an application of the law to the facts at hand.
[[Image here]]
... but for Vickie Coco, Clarence Robin would be alive today.
.... Although she did not reel the death blow, it was her actions, and her actions alone, that led her co-defendants to the Robin home.
fjThe facts of the record indicate that the sentence of forty years imposed by the trial court was not an abuse of its sentencing discretion. The court adequately articulated reasons for the sentence; it is not disproportionate to the crime, and it does not shock our sense of justice.

ERROR PATENT

The trial court did not personally inform the defendant of the nature of the charge to which she was pleading. La.Code Crim.P. art. 556.1(A)(1), which became effective August 15, 1997, provides as follows:
A. In any criminal case, the court shall not accept a plea of guilty or nolo con-tendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea was offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
Thus, the trial court did not satisfy the requirements of article 556.1(A)(1). However, since the defendant does not allege any misunderstanding as to the nature of the charges to which she pled, this error is harmless.

CONCLUSION

For the reasons set out above, the sentence is not unconstitutionally excessive.
AFFIRMED.