STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 09-521


STATE OF LOUISIANA

VERSUS

DAVID MARKALE BATISTE
A/K/A/ DAVID M. BATISTE


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 112210
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Billy Howard Ezell, Judges.


SENTENCE AFFIRMED AS AMENDED.


**Michael Harson**
**District Attorney, Fifteenth Judicial District Court**
**Patick D. Magee**
**Assistant District Attorney, Fifteenth Judicial District Court**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Elbert Lee Guillory**
**633 East Landry Street**
**Opelousas, LA 70570**
**(337) 942-6328**
**Counsel for Defendant/Appellant:**
**David Markale Batiste**

**Patrick D. Magee**
**Voorhies & Labbe**
**P. O. Box 91847**
**Lafayette, LA 70509-1847**
**(337) 232-9700**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**EZELL, JUDGE.**

Although the Lafayette Parish Grand Jury originally indicted Defendant, David Markale Batiste a/k/a David M. Batiste, with first degree murder, the State amended the charge to one count of second degree murder. In accordance with a plea agreement, Defendant pled guilty to the further-amended charge of manslaughter, in violation of La.R.S. 14:31, on June 20, 2008.

On November 10, 2008, the sentencing court ordered Defendant to serve thirty-five years at hard labor without benefit of probation, parole, or suspension of sentence. The district court then designated Defendant's sentence to run consecutively with any other penalties Defendant was already serving. Defendant did not file a motion to reconsider sentence with the district court. Defendant now appeals his sentence.[1]

## STATEMENT OF FACTS

Defendant entered into a plea agreement with the State and pled guilty to one count of manslaughter. Defendant admitted to shooting and killing a man at a motel on June 20, 2006.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there is one error patent concerning the Defendant's sentence.

For his conviction of manslaughter, the Defendant was sentenced to serve thirty-five years at hard labor without the benefit of parole, probation, or suspension of sentence. Louisiana Revised Statutes 14:31 provides that a person convicted of

---

[1] We note Defendant's motion for appeal requests appeal of Defendant's sentence, which was imposed on November 10, 2008. The order signed by the trial court, which was included on the same page as the motion for appeal, grants Defendant "an appeal from the Judgment rendered herein on the 10th day of December 2008."

1

manslaughter "shall be imprisoned at hard labor for not more than forty years," and it does not set forth any prohibition against parole, probation or suspension of sentence.[2] However, La.Code Crim.P. art. 893 prohibits the court from suspending the sentence and placing persons who are on probation convicted of certain crimes of violence, including manslaughter, but it does not prohibit parole. *See* La.R.S. 14:2(B)(4). Thus, the trial court erred in ordering the Defendant's sentence to be served without the benefit of parole. Accordingly, this court will amend the Defendant's sentence to delete the denial of parole eligibility and instruct the district court to make an entry in the minutes reflecting this change. *State v. Levy*, 08-1467 (La.App. 3 Cir. 6/10/09), 12 So.3d 1135, and *State v. Dupree*, 07-98 (La.App. 3 Cir. 5/30/07), 957 So.2d 966.

## ASSIGNMENT OF ERROR NUMBER ONE

As his first assignment of error, Defendant asserts his sentence is excessive given the facts of the case. Defendant asserts that he had heard that the Victim was planning to rob him. When Defendant saw the Victim, the Victim moved aggressively toward Defendant. Defendant alleges he shot the Victim because he feared for his safety.

Defendant neither verbally moved for reconsideration of his sentence nor filed a motion to reconsider sentence with the trial court alleging specific errors. Thus, Defendant is not entitled to a review of his sentence. La.Code Crim.P. art. 881.1(E). However, in the interest of justice, this court will review Defendant's sentence for bare excessiveness even though Defendant is not entitled to review of the penalty imposed. *State v. Graves*, 01-156, (La.App. 3 Cir. 10/3/01), 798 So.2d 1090, *writ*

---

[2]We note La.R.S. 14:31(B) has a penalty range of ten to forty years at hard labor without benefit of probation or suspension of sentence for cases where the victim was killed as a result of receiving a battery and was under the age of ten years, a provision not applicable in this case.

*denied*, 02-29 (La. 10/14/02), 827 So.2d 420 (citing La.Code Crim.P. art. 881.1). This court has previously discussed the standard for reviewing excessive sentence claims:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (citations omitted)(second alteration in original).

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted). "[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[;] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983).

The pertinent penalty range for manslaughter is zero to forty years at hard labor. La.R.S. 14:31. Thus, with the exception of what is addressed by the errors

3

patent section of this memorandum, Defendant's thirty-five-year hard labor sentence fits within the statutory sentencing range. It is a high-range sentence.

At the sentencing hearing, the Victim's mother stated that she was currently raising the Victim's two children and asked the district court to impose the maximum sentence. The defense entered four letters into evidence; they had been written by Marcy Landry, Peggy Voorhies, Jamie Benoit, and Roberta Granger. These letters stated that Defendant's mother and stepfather had raised him to be a productive, friendly, well-behaved adult who had been seen caring for his sick mother. The missives all concluded by asking for leniency based on Defendant's background.

Defendant's mother testified that Defendant had been a shy and passive person who had not gotten into trouble until he became involved in drugs. Ms. Batiste stated that Defendant only shot the Victim because he feared for his life and thought the man was going to steal his drugs.

Finally, Defendant testified on his own behalf. After selling the Victim drugs earlier in the day, two people told Defendant the Victim was planning to rob him. That evening, Defendant went to a motel room where some of his acquaintances were smoking drugs. While there, Defendant provided at least one of the occupants with additional drugs. The Victim knocked on the door, and, after being let in by one of the room's occupants, the man charged Defendant. In response, Defendant "jumped off the bed," pulled his gun, and fired two shots. When the Victim fell, Defendant left. At the conclusion of direct examination, Defendant said he was sorry the Victim died, he was sorry about the drugs, and he was sorry about everything.

On cross-examination, Defendant agreed that, in addition to the homicide, he was then serving a prison sentence for drug-related charges, he had pled guilty to attempted armed robbery, and he was an admitted drug dealer.

4

The sentencing court admitted Defendant's presentence investigation report, "PSI," into evidence. The PSI showed that, at the time he was sentenced, Defendant was already serving two years at hard labor for possession on MDMA, ecstasy; Defendant pled guilty to simple possession though he had originally been charged with possession with intent to distribute, and the offense date for the narcotics offense was February 22, 2006. The PSI further showed Defendant to have a five-year hard labor sentence for an attempted armed robbery that occurred on September 12, 2005. Additionally, the PSI revealed both that the instant case involved drug activity and that Defendant had two additional prior arrests for drug activity.

The PSI included information that there were four eye-witnesses who identified Defendant as the shooter. At least one of those witnesses said Defendant both kicked the Victim after shooting him and threatened to kill the witnesses if they said anything.

The hearing concluded with the trial court imposing the sentence and giving oral reasons for the penalty it imposed:

> The Court has considered the pre-sentence investigation and all contained therein, and defendant's criminal record. I have also considered the aggravating and mitigating circumstances listed in the appropriate Articles of the Code of Criminal Procedure.
>
> Mr. Batiste, I hereby sentence you to serve 35 years at hard labor. That sentence is to be served without benefit of probation, parole, or suspension of sentence. That sentence is also to be served consecutive[ly] to any other sentence you are presently serving.

In similar cases where defendants pled guilty to manslaughter though the original charge was either first or second degree murder, this court has affirmed forty-year sentences after holding that those defendants benefitted greatly from the plea agreement because a conviction for either first or second degree murder carries a minimum penalty of life imprisonment. *See State v. Pickens*, 98-1443, (La.App. 3

5

Cir. 4/28/99), 741 So.2d 696, *writ denied*, 99-1577 (La. 11/5/99), 751 So.2d 232, *writ denied*, 01-2178 (La. 4/19/02), 813 So.2d 1081; *See also State v. Coco*, 98-855, (La.App. 3 Cir. 12/9/98), 723 So.2d 513.

Defendant received a significant sentencing benefit from pleading guilty to manslaughter; his guilty plea reduced his potential sentence from a minimum of life imprisonment to a maximum forty years at hard labor. Additionally, the record shows that, at the time he was sentenced, Defendant was serving a sentence for a drug offense and the instant crime was also drug-related. Moreover, at the time Defendant pled guilty to manslaughter, he also pled guilty to an attempted armed robbery involving a firearm.

Accordingly, Defendant's sentence is not constitutionally excessive.

### ASSIGNMENT OF ERROR NUMBER TWO

As his second assignment of error, Defendant argues the trial court improperly ordered his manslaughter sentence to run consecutively with the other penalties Defendant was serving. Defendant asserts a consecutive sentence was improper in the instant case because his plea agreement in docket number 112210 required the trial court to run his attempted armed robbery sentence in that docket number concurrently with the manslaughter sentence.

As previously noted, Defendant failed to file a motion to reconsider sentence, so this claim is barred under La.Code Crim.P. art. 881.1. However, even though Defendant failed to contest the consecutive nature of his sentence in the trial court, this court will address this issue in the interests of justice and judicial economy. Uniform Rules—Courts of Appeal, Rule 1-3.

At the time of Defendant's guilty plea, the trial court stated its understood that, as part of Defendant's plea agreement with the State, the penalty to be imposed for

manslaughter was to run concurrently with Defendant's sentence for attempted armed robbery.[3] When Defendant agreed that the concurrent nature of the sentences had been part of the plea agreement, the trial court agreed to the terms of the agreement.[4]

In its brief to this court, the State specifically puts forth that it does not traverse this assignment of error as the concurrent nature of the sentences was, in fact, part of Defendant's plea agreement. The prosecution further adds that, following a telephone conference, the sentencing court has agreed to correct the sentence once jurisdiction over this case returns to the district court.

Because Defendant's plea agreement was set forth in the record at the time of his guilty plea and because the trial court accepted the guilty plea under the terms of that agreement, in the interests of justice and judicial economy, we amend Defendant's manslaughter sentence to run concurrently with his attempted armed robbery penalty.

## CONCLUSION

This court amends the Defendant's sentence to delete the denial of parole eligibility. In accordance with Defendant's plea agreement set forth in the record at the time of his guilty plea, this court also modifies Defendant's manslaughter sentence to run concurrently with the attempted armed robbery sentence. The district court is instructed to make an entry in the minutes reflecting the ordered changes. Finally, we affirm Defendant's sentence, as amended.

**SENTENCE AFFIRMED AS AMENDED**.

---

[3]"It is my understanding that part of the plea agreement sement is that the sentence that will be imposed in this Docket Number 112210 will be concurrent with the sentence I have already sentenced you to in the attempted armed robbery charge."

[4]"I will live by that and agree to that agrement."

7