NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

15-131

STATE OF LOUISIANA

VERSUS

MAURICE JOSEPH GOODMAN

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 136037, DIVISION F
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy, and James T. Genovese, Judges.

CONVICTIONS AND SENTENCES
AFFIRMED, AS AMENDED;
REMANDED WITH INSTRUCTIONS.
MOTION TO WITHDRAW GRANTED.

Keith Stutes
District Attorney
Fifteenth Judicial District
Post Office Box 3306
Lafayette, Louisiana 70502
(337) 232-5170
COUNSEL FOR APPELLEE:
        State of Louisiana

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana 70602**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Maurice Joseph Goodman**

**GENOVESE, Judge.**

Defendant, Maurice Joseph Goodman, was charged by bill of indictment with one count of second degree murder, in violation of La.R.S. 14:30.1; and one count of attempted second degree murder, in violation of La.R.S. 14:30.1 and 14:27. Defendant entered pleas of not guilty on both counts.

Defendant proceeded to trial by jury, wherein the trial court declared a mistrial. Pursuant to Defendant's request and waiver of his right to a trial by jury, the trial court then scheduled the case for a bench trial.

On the day of the scheduled bench trial, Defendant pled guilty to the reduced charges of one count of manslaughter, in violation of La.R.S. 14:31, and one count of attempted manslaughter, in violation of La.R.S. 14:31 and 14:27. Defendant and the State agreed that there would be a sentencing cap of ten years on the attempted manslaughter charge, that the sentences would be run concurrently, and that the State would not pursue a habitual offender sentencing enhancement. The trial court accepted the agreement and ordered a presentence investigation.

Defendant was then sentenced to serve twenty-five years at hard labor, without benefit of probation, parole, or suspension of sentence, with respect to the manslaughter charge, and sentenced to ten years at hard labor with respect to the attempted manslaughter charge. Those sentences were ordered to run concurrently.

Defendant filed a motion to reconsider sentence, alleging that the twenty-five year manslaughter sentence was excessive. That motion was denied on November 25, 2014, and Defendant has appealed.

Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging that no non-frivolous issues exist on

which to base an appeal and has filed a motion seeking to withdraw as Defendant's counsel. We affirm Defendant's convictions; we affirm, as amended herein, Defendant's manslaughter sentence to delete the denial of parole eligibility; we remand with instructions; we affirm Defendant's attempted manslaughter sentence; and, we grant Defendant's appellate counsel's motion to withdraw as counsel of record.

## FACTS

The facts in this case, as set forth by the State at Defendant's guilty plea proceeding, are that on November 3, 2001, in Lafayette Parish, Maurice Goodman took out a firearm and fired it at Joshua Augustine. As a result thereby, the shot Defendant fired struck and killed Mr. Augustine and wounded Mr. James Bonnet.

## *ANDERS* ANALYSIS

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the analysis based on *Anders*, 386 U.S. 738:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's appellate counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions

2

with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983); quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.* (citing *U.S. v. Pippen*, 115 F.3d 422 (7th Cir. 1997)). Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "'a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.'" *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Defendant's appellate counsel has appropriately and correctly noted that there is an error in Defendant's sentence for his conviction of manslaughter and is further correct that this court has the legal authority to correct that error. The trial court sentenced Defendant to serve twenty-five years at hard labor, without the benefit of probation, parole, or suspension of sentence. This court has previously found that on a conviction for manslaughter, the denial of the benefit of parole is error.

> For his conviction of manslaughter, the Defendant was sentenced to serve thirty-five years at hard labor without the benefit of parole, probation, or suspension of sentence. Louisiana Revised Statutes 14:31 provides that a person convicted of manslaughter "shall be imprisoned at hard labor for not more than forty years," and it does not set forth any prohibition against parole, probation or suspension of sentence. However, La.Code Crim.P. art. 893 prohibits the court from

suspending the sentence and placing persons who are on probation convicted of certain crimes of violence, including manslaughter, but it does not prohibit parole. *See* La. R.S. 14:2(B)(4). Thus, the trial court erred in ordering the Defendant's sentence to be served without the benefit of parole. Accordingly, this court will amend the Defendant's sentence to delete the denial of parole eligibility and instruct the district court to make an entry in the minutes reflecting this change. *State v. Levy*, 08-1467 (La.App. 3 Cir. 6/10/09), 12 So.3d 1135, and *State v. Dupree*, 07-98 (La.App. 3 Cir. 5/30/07), 957 So.2d 966.

*State v. Batiste*, 09-521, pp. 1-2 (La.App. 3 Cir. 12/9/09), 25 So.3d 981, 982 (footnote omitted).

Given this court's ruling in *Batiste*, we amend Defendant's manslaughter sentence to delete the denial of parole eligibility, and we remand to instruct the trial court to make an entry in the minutes reflecting said change.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. Our review has revealed no issues that would support an assignment of error on appeal.

## DISPOSITION

We affirm Defendant's convictions in their entirety; we affirm Defendant's manslaughter sentence, but amend same to delete the denial of parole eligibility and remand with instructions to the trial court to make an entry in the minutes reflecting said change; we affirm Defendant's attempted manslaughter sentence; and, we grant Defendant's appellate counsel's motion to withdraw as counsel of record.

**CONVICTIONS AND SENTENCES AFFIRMED,
AS AMENDED; REMANDED WITH INSTRUCTIONS.
MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2─16.3.