# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-964


**STATE OF LOUISIANA**

**VERSUS**

**DARREL BROWN MATHIEU**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 14-452
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Candyce G. Perret, and Jonathan W. Perry, Judges.


**CONVICTIONS AND SENTENCES AFFIRMED.**

**Hon. M. Bofill Duhe**
**Sixteenth Judicial District Attorney**
**W. Claire Howington**
**Assistant District Attorney**
**300 Iberia St., #200**
**New Iberia, LA 70560**
**(337) 369-4420**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Mummi S. Ibrahim**
**Attorney at Law**
**1100 Poydras Street Ste. 2900**
**New Orleans, LA 70163**
**(504) 432-2632**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Darrel Brown Mathieu**

**GREMILLION, Judge.**

Defendant, Darrel Brown Mathieu, appeals his convictions and sentences for armed robbery with a firearm, violations of La.R.S. 14:64 and 14:64.3, for which he received a sentence of sixty years at hard labor plus five years enhancement for use of a firearm. For the reasons that follow, we affirm Defendant's convictions and sentences.

### FACTS AND PROCEDURAL POSTURE

Defendant was charged by bill of information on April 4, 2014, with aggravated second degree battery, in violation of La.R.S. 14:34.7; armed robbery with the use of a firearm, in violation of La.R.S. 14:64 and 14:64.3; and possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1, all stemming from an armed robbery of a Dollar General store during which a clerk was shot in the leg. Defendant was arrested later that evening by officers investigating a suspicious-person call. The following day, $629 was found stuffed in a tree near the scene of Defendant's arrest. A test on Defendant's hands for gunpowder residue returned a positive result. The bill of information was amended in May 2014 to correct the name of the victim.

A jury was empaneled on May 12, 2015. The following day, Defendant informed the court that he wished to change his plea to accept an offer extended by the State. Defendant pleaded guilty to armed robbery with a firearm. In exchange, the State dismissed the remaining charges and agreed to not bill Defendant as a habitual offender.

On August 10, 2015, Defendant was sentenced "to sixty-five years in prison without benefit of probation, parole, or suspension of sentence." On January 8, 2016, the trial court clarified that its sentence was actually sixty years on the armed robbery plus five years for the firearm enhancement with the two sentences to run

consecutively. At this hearing, the trial court instructed Defendant that he had two years within which to seek post-conviction relief. On December 18, 2017, Defendant filed a "Motion for Out-of-Time Appeal," which the trial court granted.

Defendant now appeals his conviction and sentences, contending that his trial counsel was ineffective for failing to request a probable cause hearing, failing to request a bill of particulars, and failing to file a motion to suppress; that his plea was not knowingly and voluntarily made; and that his sentence is excessive.

## ANALYSIS

There exists a serious concern whether Defendant's motion for out-of-time appeal was not timely filed. However, in *State ex rel. Clavelle v. State*, 02-1244 (La. 12/12/03), 861 So.2d 186, the supreme court allowed a defendant to seek post-conviction relief after a trial judge told him during a probation revocation hearing that he had two years to apply for post-conviction relief, despite Uniform Rules— Courts of Appeal, Rule 4-3 allowing a defendant only thirty days from a probation revocation to seek review. The court concluded the defendant had attempted to comply with what he reasonably believed were the procedural requirements for preserving his claims.

In light of *Clavelle* and the trial court's instruction to Defendant on January 8, 2016, we will address the merits of Defendant's appellate claims rather than dismiss the appeal as untimely under La.Code Crim.P. art. 930.8. Additionally, in the interest of fairness, we note that, had an appeal been taken without the trial court clarifying the sentence imposed, this court would have vacated Defendant's sentence as an error patent because it was indeterminate. *See State v. Martin*, 13-628 (La.App. 4 Cir. 5/28/14), 141 So.3d 933, *writ denied*, 14-1250 (La. 1/23/15), 159 So.3d 1056 (a sentence is indeterminate where it is unclear whether the court imposed an additional sentence for a firearm enhancement).

2

Defendant's first assignment of error contends that his trial counsel was ineffective for not pursuing several avenues of inquiry, including a probable-cause hearing, a bill of particulars, and moving to suppress the results of the gunpowder residue test.

"A plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea." *State v. Crosby*, 338 So.2d 584, 586 (La.1976). The exception to this rule, set out in *Crosby*, arises when a defendant expressly reserves the right to appeal specific pre-plea rulings or actions. Defendant entered an unqualified plea of guilty. The present case illustrates the wisdom in reserving for post-conviction relief matters such as whether Defendant was afforded effective assistance of counsel; the record before us contains scant evidence relevant to that fact, which can better be established in an evidentiary hearing pursuant to La.Code Crim.P. art. 930.

We find that Defendant's entry of an unqualified plea of guilty waives appellate review of whether he received effective assistance of counsel.

Defendant also complains that his guilty plea was not knowing and voluntary. He states:

> Accordingly, the record is silent as to whether Mr. Mathieu knowingly and voluntarily waived his rights (namely his right to a trial by jury, his right to confront his accuser, and privilege against self-incrimination) as required by the ruling in Boykin and La.C.Cr.P. 556.1 [sic], warranting reversal of his conviction and sentence. (footnote omitted)

This assertion is based upon the fact that, when it was returned, the record did not include a transcript of the entry of Defendant's guilty plea. Supplemental record lodged with this court, though, contains that transcript and demonstrates that the trial court advised Defendant of his rights to a jury trial, to confront his accuser, and his privilege against self-incrimination. Defendant stated that he understood those rights, understood that he was giving up those rights, and pleaded guilty. Given

3

Defendant's failure to articulate any basis for his claim of an involuntary plea other than the silence of the record, we find that this claim lacks merit.

Lastly, Defendant argues that his sentences are unconstitutionally excessive because, at his age of fifty-six, sentences totaling sixty-five years amount to "a virtual death sentence." Defendant did not file a motion to reconsider his sentence; thus, he is limited, in the interest of justice, to a bare excessiveness review by this court. *State v. Batiste*, 09-521 (La.App. 3 Cir. 12/9/09), 25 So.3d 981.

Louisiana courts have articulated the following guidelines to review excessive sentences:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
> > La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4

4

(La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Furthermore, in *State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, *and writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626, this court adopted the fifth circuit's three-factor test in *State v. Lisotta*, 98-648, (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, which established that an appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes.

Defendant pleaded guilty to armed robbery and armed robbery with a firearm, in violation of La.R.S. 14:64 and 14:64.3. Under La.R.S. 14:64(B), "Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence." Furthermore, La.R.S. 14:64.3(A) (emphasis added) states:

> When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender *shall* be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection *shall* be served consecutively to the sentence imposed under the provisions of R.S. 14:64.

Armed robbery is defined as a crime of violence under La.R.S. 14:2(B)(21). Additionally, Defendant not only brandished a firearm during the commission of his crime, he actually shot the victim in the leg in the process.[1]

While it is true Defendant is fifty-six years old, it is equally true that he has an extensive history of violent crime. Defendant was committed to the California Youth Authority for armed robbery, armed burglary, assault with a deadly weapon, and use of a firearm. Additionally, he was convicted of several counts of armed robbery in California in 1989, and was subsequently convicted of armed robbery in Louisiana.

In *State v. Jones*, 00-2009 (La.App. 1 Cir. 5/11/01), 808 So.2d 609, *writ denied*, 01-1698 (La. 5/3/02), 815 So.2d 93, the first circuit upheld the maximum sentence for armed robbery where the victim had died and the defendant, who had three prior felony convictions, fled the state, changed his identity, and led a relatively crime-free life for over twenty-five years before being apprehended and convicted. Likewise, the supreme court upheld the maximum sentence in *State v. Marshall*, 81-3115, 94-461 (La. 9/5/95), 660 So.2d 819, which also involved the shooting of a store clerk during an armed robbery.

Given the seriousness of the offense, the benefit received by Defendant in not being billed as a habitual offender, and Defendant's lifelong history of violent crimes, we conclude that the trial court did not abuse its great discretion in sentencing Defendant to a total of sixty-five years at hard labor without benefit of probation, parole, or suspension of sentence.

---

[1] At sentencing, Defendant asserted that the gun discharged accidentally but acknowledged that the bullet would not have struck the victim had the weapon not been pointing at her.

**DECREE**

Defendant's conviction and sentences are affirmed.

**CONVICTIONS AND SENTENCES AFFIRMED.**