NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-486

STATE OF LOUISIANA

VERSUS

BRANDON CHASE GEE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 15610-17
HONORABLE KENDRICK J. GUIDRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHARON DARVILLE WILSON
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Sharon Darville
Wilson, Judges.

AFFIRMED AS AMENDED.

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**P. O. Box 1481**
**Monroe, LA 71201-1481**
**(318) 855-6038**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Brandon Chase Gee**

**Hon. Stephen C. Dwight**
**14th JDC District Attorney**
**John Eric Turner**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**WILSON, Judge.**

A jury found Defendant, Brandon Chase Gee, guilty of aggravated second degree battery, a violation of La.R.S. 14:34.7. Mr. Gee appealed and this court affirmed his conviction but vacated the sentence. Upon resentencing, Mr. Gee was sentenced to eight years at hard labor without benefit of probation, parole, or suspension of sentence. Mr. Gee now appeals. For the reasons expressed below, we amend the sentence and affirm as amended.

## I.

## ISSUES

In this appeal we must decide:

(1)    whether the denial of parole, probation, or suspension of sentence in this matter constitutes error patent requiring this court to correct the sentence on appeal; and

(2)    whether the trial court erred in denying the motion to reconsider sentence.

## II.

## FACTS AND PROCEDURAL HISTORY

The following facts were set forth in the opinion rendered by this court in Mr. Gee's original appeal:

> On June 15, 2017, Cheryl Gee-Finley returned home from work at around 11:00 p.m. and removed some items from her truck, including a table leg and some garbage bags. Later that night, Defendant, who lived with her, returned home. Sometime after Defendant returned home, an altercation took place between Ms. Finley and Defendant which left Ms. Finley severely injured and serves as the basis for Defendant's aggravated second degree battery charge. The circumstances surrounding the altercation were disputed at trial.
>
> Ms. Finley testified that she and Defendant argued about the garbage bags she had brought in. Ms. Finley

testified that later in the night she played scratch offs and had a winning ticket. She testified that she remembered beginning to leave to cash in the scratch off ticket, but then she woke up on the ground with severe injuries and the last thing she remembered was reaching for her keys.

Defendant stated that his mother was suffering from delusions which were becoming dangerous. Defendant claims that when he returned home on the night in question, his mother began banging on the door to his bedroom demanding to know where her trash bags were. Defendant then stated that the last thing he can remember is her coming at him with a knife and "the big stick with the screw hanging out of it," asserting he blacked out when his life was threatened. After being attacked, Defendant stated his next memory was holding his bleeding arm, unaware of the location of the guitar that he had previously been holding. When later questioned and confronted with pictures of his mother's injuries, Defendant claimed she came at him with a knife and he kept her at bay with his guitar.

The table leg that Ms. Finley had brought home that night was found in the living room, although Ms. Finley was adamant that she had brought it to her bedroom that night. A knife was also found on the floor next to Ms. Finley, although she stated that she had no idea how it ended up next to her.

Defendant was found to have three cuts on his arm after the night in question. Yolanda Charles, a paramedic who looked at Defendant's injuries, noted Defendant had three shallow lacerations to the center of his left forearm and stated Defendant told her he was cut with a kitchen knife. Ms. Charles testified the cuts did not appear to be defensive wounds, noting there were three cuts in a row with no other marks on his arm.

Dr. Patrick Hayes testified that his interviews and review of medical records led him to the conclusion that Defendant understood the difference between right and wrong on June 16, 2017. He noted there was no evidence of any "serious persistent mental illness" in the days and months leading up to the incident. He also noted there was no evidence that on the night of the incident Defendant "was disorganized, catatonic, delusional[, or] manic." Dr. Hayes testified Defendant had schizotypal personality disorder, which he characterized as "schizophrenia-like, or schizophrenia-light."

2

*State v. Gee*, 20-217 pp. 3-5 (La.App. 3 Cir. 3/10/21) (unpublished opinion).

On April 10, 2019, the jury found Mr. Gee guilty as charged. On June 12, 2019, Mr. Gee filed a motion for new trial and the motion was denied the same day. The sentencing hearing was held June 17, 2019.

> At the outset of the sentencing hearing, Defendant declared that he had fired trial counsel and that she was no longer his attorney. The trial court, without any inquiry into Defendant's competency to represent himself, his educational background, or any other relevant information, released trial counsel and allowed Defendant to represent himself at sentencing. Defendant proceeded to accuse trial counsel of intentionally sabotaging his case and actively helping the prosecution, declared that every part of the Calcasieu Parish justice system was corrupt, and stated he had been wrongfully convicted and conspired against. The trial court, after stating it was "disappointed and taken aback" by Defendant's lack of remorse, sentenced Defendant to eight years at hard labor and ordered that the first year be served without the benefit of probation, parole, or suspension of sentence after the State indicated the statute required the one-year restriction on benefits.

*Id*. at p. 2. Mr. Gee appealed his sentence to this court.

In its error patent review, this court found that although the court minutes and commitment order reflect that the sentence was ordered to be served in the Department of Corrections, the sentencing transcript did not so indicate. Thus, the trial court imposed an indeterminate sentence because it failed to specify whether the eight-year sentence was to be served with or without hard labor. Additionally, this court found that the trial court erred in allowing Mr. Gee to represent himself at sentencing without discussing the dangers and disadvantages of proceeding pro se. Mr. Gee's conviction was affirmed, and his sentence was vacated and remanded for resentencing.

3

On March 16, 2021, the case was randomly allotted to another division of the trial court. On January 10, 2022, the trial court appointed the Public Defender's Office to represent Mr. Gee. On February 23, 2022, the new trial judge, Judge Kendrick J. Guidry, sentenced Mr. Gee to eight years at hard labor, without benefit of probation, parole, or suspension of sentence. Mr. Gee's counsel objected to the sentence, and the trial court noted the objection. On April 1, 2022, defense counsel filed a motion to reconsider sentence which was denied by the trial court. Mr. Gee now appeals asserting two assignments of error.

III.

## LAW AND DISCUSSION

### ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is one error patent. Since the error patent has been assigned as error, we will address it as such.

### ASSIGNMENTS OF ERROR

In his first assignment of error, Mr. Gee asserts that the trial court erroneously imposed his sentence without benefit of parole, probation, or suspension of sentence. In his second assignment of error, Mr. Gee asserts that the trial court erred in denying the motion to reconsider sentence. Since the motion to reconsider sentence reiterated Mr. Gee's objection to the imposition of sentence without benefits, the two assignments of error will be addressed together.

Mr. Gee asks this court to modify the sentence imposed by deleting the provision of the sentence stating that the sentence must be served without benefits. The State concedes that under the facts of this case, La.R.S. 14:34.7 does not

4

authorize the restriction of parole. The State asserts that because the trial court properly imposed the sentence without benefit of probation and suspension, this court should delete the parole restriction only. After reviewing the applicable law and facts of this case, we agree and find that the parole restriction should be deleted.

At the February 23, 2022 resentencing hearing, the State informed the trial court that it was not seeking more than the original sentence of eight years. The trial court stated that it was inclined to correct the deficiency in the sentence and reimpose a sentence of eight years. After defense counsel argued for a more lenient sentence, the trial court stated the following:

> As I appreciate the assignment from the Court of Appeal, it was to correct some deficiencies in the sentencing. We've corrected one in appointing Mr. Richard to represent Mr. Gee in this sentencing; and then to impose the correct sentence.
>
> Mr. Gee was convicted by a jury [after] presenting his defense. They apparently did not believe his defense. The Court will not substitute its judgment just reading from the sentencing transcript and all of the jury.
>
> The Court also, although I'm to resentence him, I appreciate Judge Bradberry had a better command of the facts; was present, obviously for the jury trial; listened to argument; and imposed the sentence he imposed. So I will impose the same sentence, eight years Department of Corrections at hard labor, and to be served without benefit of probation, parole, or suspension of sentence.

Defense counsel immediately informed the trial court that the statute did not allow the sentence to be imposed without benefits. In response to the trial court's assertion that at least one year must be without benefit, the State noted:

> At least one must be served without benefit if the offender knew or should have known that the victim as a member of the armed forces or a disabled Veteran.

5

So that would not – I would submit to the Court Ms. Finley was not a disabled Veteran or an active member of the armed services.

Despite the arguments of counsel, the trial court maintained the sentence as eight years without benefit of probation, parole, or suspension of sentence. The trial court explained that it was imposing the sentence without benefit based on the seriousness of the offense and the cruelty inflicted upon the victim.

Louisiana Revised Statutes 14:34.7 provides, in pertinent part (emphasis added):

> C. Whoever commits the crime of second degree battery shall be fined not more than two thousand dollars or imprisoned, with or without hard labor, for not more than eight years, or both. *At least eighteen months of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence if the offender knew or should have known that the victim is an active member of the United States Armed Forces or is a disabled veteran and the second degree battery was committed because of that status.*

The victim in the present case was not an active member of the United States Armed Forces or a disabled veteran. Thus, the above penalty provision did not prohibit parole, probation, or suspension of sentence in this case. Although the State concedes that this provision did not apply to Mr. Gee, the State contends that this court should only strike the denial of parole. In support of this contention, the State cites this court's decision in *State v. Mayfield*, 18-420 (La.App. 3 Cir. 12/6/18), 261 So.3d 101, 103–04, *writ denied*, 19-0046 (La. 5/28/19), 273 So.3d 316.

In *Mayfield*, the defendant was sentenced without benefit of probation, parole, or suspension of sentence for the crime of manslaughter. This court held:

> First, the trial court erred in ordering that Defendant's manslaughter sentence be served without the benefit of parole. For manslaughter, Defendant was sentenced to forty years without the benefit of parole,

probation, or suspension of sentence. Louisiana Revised Statutes 14:31 provides:

> B. Whoever commits manslaughter shall be imprisoned at hard labor for not more than forty years. However, if the victim killed was under the age of ten years, the offender shall be imprisoned at hard labor, without benefit of probation or suspension of sentence, for not less than ten years nor more than forty years.

> Thus, the above penalty provision does not prohibit parole, probation, or suspension of sentence in this case. However, at the time the offense was committed, La.Code Crim.P. art. 893(A) prohibited a suspended sentence for an offense designated as a crime of violence in La.R.S. 14:2(B), which included the crime of manslaughter. Therefore, the trial court properly imposed Defendant's manslaughter sentence without the benefit of probation or suspension of sentence. But, because La.Code Crim.P. art. 893 did not authorize the restriction of parole, the trial court erred in ordering Defendant's manslaughter sentence to be served without the benefit of parole. Accordingly, this court amends Defendant's manslaughter sentence to delete the denial of parole eligibility and instructs the district court to make an entry in the minutes reflecting this change. *State v. Batiste*, 09-521 (La.App. 3 Cir. 12/9/09), 25 So.3d 981.

*Id*. at 103-104.

Just as in *Mayfield*, at the time of the offense in the present case, La.Code Crim.P. art 893(A) provided, in pertinent part, that "[t]he court shall not suspend the sentence of a conviction for an offense that is designated in the court minutes as a crime of violence pursuant to Article 890.3[.]" Louisiana Code of Criminal Procedure Article 890.3 includes an enumerated lists of crimes that must be designated as a crime of violence as a matter of law. Aggravated second degree battery is included in the list as a crime of violence. La.Code Crim.P. art. 890.3(C)(18). Therefore, the trial court properly imposed Mr. Gee's sentence without benefit of probation or parole.

7

However, as noted in *Mayfield*, Article 893 does not mention a restriction on parole eligibility. Thus, the trial court erred in ordering Mr. Gee to serve his sentence without the benefit of parole. We find that Mr. Gee's assignments of error have merit. Accordingly, we amend Mr. Gee's sentence to delete the denial of parole eligibility and instruct the trial court to make an entry in the minutes reflecting this change.

IV.

## **<u>CONCLUSION</u>**

For the foregoing reasons, we find the trial court did commit legal error in imposing Mr. Gee's sentence without the benefit of parole. The sentence is amended to delete the denial of parole eligibility, and the trial court is instructed to make an entry in the minutes reflecting this change. Mr. Gee's sentence is affirmed as amended.

**AFFIRMED AS AMENDED.**